**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------X
                              :
JAMES E. CUNNINGHAM, SR.      :    Civil No. 3:21CV00273(SALM)
                              :
v.                            :
                              :
DR. FRANCESCO LUPIS, et al.   :    January 14, 2022
                              :
-----------------------------X
```

## RULING ON PENDING MOTIONS [Docs. #67, #68]

Self-represented plaintiff James E. Cunningham, Sr. ("plaintiff"), who is confined to the custody of the Connecticut Department of Correction ("DOC"), originally brought this action pursuant to 42 U.S.C. §1983 against 31 defendants alleging a multitude of constitutional violations, as well as state and federal law claims. See generally Doc. #1.

On October 6, 2021, following an initial review of the original 43-page Complaint, Judge Jeffrey A. Meyer permitted several of plaintiff's claims to proceed, but also dismissed, without prejudice, many of the claims asserted. See Doc. #17 at 41-42. Judge Meyer permitted plaintiff 30 days to file an amended complaint, provided that plaintiff "believe[d] there are additional facts the plaintiff can allege that will overcome any of the deficiencies identified in" the Initial Review Order. See id. at 42.

1

On October 19, 2021, plaintiff filed a motion for extension of time to file an amended complaint, which Judge Meyer denied. See Docs. #21, #23.[1] On November 4, 2021, within the time allowed by the Initial Review Order, plaintiff filed a 139-page Amended Complaint, see Doc. #27, along with 142 pages of attachments, see Doc. #26.

On November 12, 2021, defendants Alvarez, Gallagher, Lupis, and Richardson (hereinafter the "DOC defendants") filed a motion to dismiss the Amended Complaint on the grounds that it failed to state a claim upon which relief can be granted because the "amended complaint is substantially illegible." Doc. #29 at 1. On November 15, 2021, the undersigned entered an order confirming that much of the Amended Complaint was illegible, presumably due to deficiencies in the scanning process. See Doc. #32. The Court ordered plaintiff, if he wished to proceed on the Amended Complaint, to mail a paper copy of that pleading to the New Haven Clerk's Office by December 6, 2021. See id. The Court cautioned: "If plaintiff fails to provide a paper copy of the Amended Complaint by this deadline, the matter will proceed on the claims remaining from the original Complaint (Doc. #1) as limited by the Initial Review Order (Doc. #17)." Id. On that

---

[1] On October 26, 2021, this matter was transferred to the undersigned. See Doc. #24.

same date, the Court entered an Order denying the DOC
defendants' motion to dismiss, in light of the Court's Order
requiring plaintiff to file a paper copy of the Amended
Complaint. See Doc. #33.

On December 16, 2021, the Court entered an Order stating
that it had "yet to receive a paper copy of plaintiff's Amended
Complaint[.]" Doc. #56. Accordingly, the Court ordered that the
matter "proceed on the claims remaining from the original
Complaint (Doc. #1) as limited by the Initial Review Order (Doc.
#17)." Id.

On January 4, 2022, plaintiff filed a "Motion for
Clarification" stating that he had "not herd anything from the
Court on this matter has my complaint arrived at Court I mailed
it out week before deadline (doc) held up my mail[.]" Doc. #67
at 1 (sic). On that same date, a hard copy of plaintiff's 139-
page Amended Complaint was filed with the Court. (Doc. #68). The
envelope in which the Amended Complaint was mailed bears a stamp
date of December 6, 2021, and indicates that it was mailed to
the Bridgeport seat of court. See Doc. #68-5.

On January 7, 2022, plaintiff filed a "Motion to fix
Defaults" stating that he "had no idea my mailed copy did not
reach court house" because he had received notice of the Court's
December 16, 2021, Order on December 27, 2021. Doc. #69 at 1

3

(sic). The motion acknowledges that plaintiff erroneously mailed the Amended Complaint to the Bridgeport courthouse, and requests the Court to "please grant me permission to get more copies made and sent out again[.]" Id. at 2. The Court construes this motion as requesting leave to file the Amended Complaint, a third version of which was filed on January 7, 2022. [Doc. #71]. The most recent iteration of the proposed Amended Complaint appears identical in substance to the two versions previously filed. Compare Doc. #71, with Doc. #27, and Doc. #68. The most recent version, however, now attaches over 1,000 pages of exhibits. See Doc. #71.

For the reasons stated below, plaintiff's Motion to Fix Defaults [**Doc. #69**], construed as a motion seeking leave to file the proposed Amended Complaint [Doc. #71], is **DENIED.** Plaintiff's Motion for Clarification [**Doc. #67**] is **DENIED, as moot.**

## I. <u>Legal Standard</u>

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, where amendment is not available "as a matter of course[,]" then "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)-(2). "The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"The court may deny leave to amend for good reason, which
normally involves an analysis of the factors articulated
in <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962): undue delay, bad
faith, futility of amendment, or undue prejudice to the opposing
party." <u>Kreisler v. P.T.Z. Realty, L.L.C.</u>, 318 F.R.D. 704, 706
(S.D.N.Y. 2016) (citation and quotation marks omitted). "Leave
to amend may be denied if the proposed amendment would be
futile. Amendment is futile if it fails to cure prior
deficiencies." <u>Chunn v. Amtrak</u>, 916 F.3d 204, 208 (2d Cir. 2019)
(citations and quotation marks omitted). An amendment is also
"considered futile if the amended pleading fails to state a
claim, or would be subject to a successful motion to dismiss on
some other basis." <u>Nwachukwu v. Liberty Bank</u>, 257 F. Supp. 3d
280, 286 (D. Conn. 2017). Although the court is "normally
accommodating to motions for leave to amend <u>pro se</u> complaints,"
the court "may deny" such motions "when amendment would be
futile[.]" <u>Fulton v. Goord</u>, 591 F.3d 37, 45 (2d Cir. 2009)
(citations and quotation marks omitted).

## II.  <u>Discussion</u>

The Court first considers the factors of undue delay, bad
faith, and undue prejudice.

### A.   <u>Undue Delay, Bad Faith, and Prejudice</u>

"While undue delay in bringing a motion to amend is one of

5

the factors, as enumerated by <u>Foman</u>, to consider in determining whether leave to amend will be extended, mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." <u>Nwachukwu</u>, 257 F. Supp. 3d at 285 (citation and quotation marks omitted). Plaintiff concedes that the Amended Complaint is untimely, in part because he mailed the document to the wrong seat of court, which resulted in a delay in filing. <u>See</u> Doc. #69 at 1. Although this appears to have been a mistake, the Court notes that its November 15, 2021, Order explicitly directed plaintiff to mail the paper copy of the Amended Complaint to the New Haven Clerk's Office. <u>See</u> Doc. #56 ("[P]laintiff shall mail a paper copy of the Amended Complaint to the Clerk's Office, 141 Church Street, New Haven, CT, 06510, by **December 6, 2021.**"). Nevertheless, there is no evidence of bad faith on the current record, particularly where the mailing envelope reflects plaintiff's attempt to timely mail the Amended Complaint to the Court. <u>See</u> Doc. #68-5. In terms of undue prejudice, defendants have not filed a responsive pleading, and at this relatively early stage of the proceedings, the Court is unable to glean any significant or undue prejudice to defendants by the untimely filing of the proposed Amended Complaint.

Accordingly, these factors do not weigh against granting

plaintiff's motion for leave to amend.

   B.   Futility

   The Court next considers whether the amendment is futile.

      1.   Counts 2, 3, 5, and 7

   On the first page of the proposed Amended Complaint, plaintiff writes that "Counts: 2, 3, 5, 7 unchanged[.]" Doc. #71 at 1 (sic). Accordingly, the amendment as to these counts would be futile as the proposed amendment "fails to cure prior deficiencies[]" that were identified in the Initial Review Order. Chunn, 916 F.3d at 208; see also Doc. #17 (Initial Review Order). The case will proceed on Counts 2, 3, 5, and 7 as limited by the Initial Review Order. See generally Doc. #17.[2]

   However, the Court notes that Counts 2, 3, 5, and 7 seek damages against defendants in both their individual and official capacities. Any claims for monetary damages against defendants, who are state employees, in their official capacities, are hereby **DISMISSED**, as such claims are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169 (1985).

   Accordingly, plaintiff's motion for leave to amend as to Counts 2, 3, 5, and 7 is **DENIED**, as futile.

---

[2] At the conclusion of this Ruling, the Court will list, in detail, the claims remaining in this case.

2. *Counts 1, 4, 6*

The proposed Amended Complaint reasserts the claims set forth in Counts 1, 4, and 6 of the original Complaint. The Court considers each count in turn.

a. Count 1

Count 1 of the original Complaint asserts a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment as a result of the DOC's alleged systemic lack of constitutionally adequate medical care. See generally Doc. #1 at 7-9; see also Doc. #17 at 2-4. Judge Meyer dismissed this count on a number of grounds, including, inter alia, that plaintiff's: "indictment style allegations against the entire DOC medical care system ... are conclusory in nature[;]" and the allegations of the original complaint fail to "allege any personal involvement on the part of the [named defendants] as the management of the DOC's medical care system." Doc. #17 at 28.[3] The allegations of the proposed Amended Complaint do not cure the deficiencies identified by Judge Meyer in the Initial

_____

[3] Judge Meyer also dismissed the DOC as a defendant because it is an entity of the State of Connecticut and is not a person subject to suit pursuant to 42 U.S.C. §1983. See Doc. #17 at 28. Plaintiff again names the DOC as a defendant to this action, but as previously stated by Judge Meyer, the DOC is not subject to suit pursuant to section 1983. It therefore remains dismissed as a defendant.

Review Order. See generally Doc. #71 at 8-17.[4] Accordingly, the proposed amendment as to Count 1 would be futile, and the motion for leave to amend as to Count 1 of the proposed amended complaint is **DENIED**.

b.   Counts 4 and 6

Count 4 of the original Complaint asserts claims pursuant to the Eighth Amendment, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA"), regarding plaintiff's several orthopedic-related issues. See Doc. #1 at 29-36; see also Doc. #17 at 12-18. In addition to dismissing all claims brought pursuant to the ADA and RA, see Doc. #17 at 37-39, Judge Meyer dismissed plaintiff's deliberate indifference claims related to plaintiff's: (1) knee, for failure to allege personal involvement of defendants, see id. at 32; (2) elbow, for failure to "adequately plead that Dr. Lupis knew of a risk of serious harm to Cunningham and disregarded it[,]" id. at 33;" and (3) shoulder, for failure to (a) "adequately plead that Dr. Lupis knew of a risk of serious harm to Cunningham and

_____

[4] Plaintiff again alleges a conspiracy among defendants in this count. Judge Meyer dismissed all asserted conspiracy claims due to the conclusory nature of plaintiff's allegations. See Doc. #17 at 26-28. Again, plaintiff "pleads little to no facts about the nature of these conspiracies beyond the fact that they exist." Id. at 27. Accordingly, any amendment as to the asserted conspiracy claims would be futile.

disregarded it[,]" (b) allege the personal involvement of specific defendants, and (c) state a claim against defendants Walker and Shea. Id. at 32-34.

Count 6 of the original Complaint asserts claims pursuant to the Eighth Amendment for deliberate indifference to various medical conditions. See Doc. #1 at 41-44; see also Doc. #17 at 21 (describing "what amounts to a grab-bag of different allegations that mostly unnamed defendants either refused or denied him treatment of various conditions[]" (footnote omitted)). Judge Meyer dismissed these "[m]iscellaneous deliberate indifference claims" because: (1) plaintiff failed to allege the personal involvement of any defendant; and/or (2) some of the allegations did not rise above the level of medical malpractice. Doc. #17 at 34-35.

Counts 4 and 6 of the proposed Amended Complaint, exclusive of exhibits, occupy a combined 89 pages. See Doc. #71 at 41-114, 121-37. The allegations in these counts are rambling, accusatory, and woven with argument and citations to case law. See generally id.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim[,]" Fed. R. Civ. P 8(a)(2), which is "sufficient to give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it

rests." Jones v. Nat'l Commc'ns and Surveillance Networks, 266
F. App'x 31, 32 (2d Cir. 2008) (internal citations and quotation
marks omitted). "The statement should be short because
unnecessary prolixity in a pleading places an unjustified burden
on the court and the party who must respond to it because they
are forced to select the relevant material from a mass of
verbiage." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)
(citation and quotation marks omitted). "Complaints which
ramble, which needlessly speculate, accuse, and condemn, and
which contain circuitous diatribes far removed from the heart of
the claim do not comport with these goals and this system; such
complaints must be dismissed." Prezzi v. Berzak, 57 F.R.D. 149,
151 (S.D.N.Y. 1972).

The sheer verbosity of plaintiff's proposed Amended
Complaint (particularly the allegations in Counts 4 and 6),
along with the inappropriate argument and citation to case law
sprinkled throughout, and the mass of unlabeled and disorganized
exhibits, generally make the proposed Amended Complaint a prime
candidate for dismissal pursuant to Rule 8. See Jones, 266 F.
App'x at 33 (affirming "the district court's determination, that
Jones's single-spaced 58-page complaint with 87 additional pages
of attachments, alleging over twenty separate causes of action
against more than 40 defendants, violated the short and plain

statement requirement of Rule 8[]"); Roberto's Fruit Market,
Inc. v. Schaffer, 13 F. Supp. 2d 390, 396 (E.D.N.Y. 1998)
(dismissing a 108-page complaint for violating Rule 8 because
the complaint was "excessively long-winded and redundant" and
"littered with unnecessary, vague and inflammatory language");
Miller v. Abusive Members Within City (State) of New York, No.
1:19CV10904(CM), 2020 WL 917258, at *2 (S.D.N.Y. Feb. 25, 2020)
(dismissing complaint pursuant to Rule 8 for failure to state a
claim where the "pleadings total[] 477 pages in length that
describe unrelated incidents[]").

"[E]ven a pro se litigant cannot simply dump a stack of
exhibits on the court and expect the court to sift through them
to determine if some nugget is buried somewhere in that mountain
of papers, waiting to be unearthed and refined into a cognizable
claim." Carmel v. CSH & C, 32 F. Supp. 3d 434, 436 (W.D.N.Y.
2014). Accordingly, the proposed amendment to Counts 4 and 6 is
futile because those claims would be "subject to a successful
motion to dismiss" on Rule 8 grounds. Nwachukwu, 257 F. Supp. 3d
at 286. Therefore, plaintiff's motion to amend as to Counts 4
and 6 is also **DENIED** on grounds of futility.

## III. Conclusion and Orders

For the reasons stated above, plaintiff's Motion to Fix
Defaults [**Doc. #69**], construed as a motion seeking leave to file

the proposed Amended Complaint [Doc. #71], is **DENIED.**

Plaintiff's Motion for Clarification [**Doc. #67**] is **DENIED, as moot.**

At this stage, the original Complaint (Doc. #1), as limited by the Initial Review Order (Doc. #17), is permitted to proceed on the following claims:

1. Count 2 against Dr. Lupis for deliberate indifference to serious medical needs relating to testosterone deficiency in violation of the Eighth Amendment.

2. Count 3 against Dr. Lupis and McPherson for deliberate indifference to serious medical needs relating to plaintiff's diabetes.

3. Count 5 against Dr. Lupis and Gallagher for deliberate indifference to the need for exercise in violation of the Eighth Amendment.

4. Count 5 against Alvarez alleging retaliation in violation of the First Amendment.

5. Count 7 against Dr. Lupis alleging retaliation in violation of the First Amendment.

See Doc. #17 at 41-44.

Plaintiff also asserts various state law claims against the defendants in the original Complaint. See generally Doc. #1. Judge Meyer ordered that:

13

> To the extent that Cunningham alleges state law claims
> against those defendants against whom he has alleged
> valid federal law claims — Dr. Lupis, McPherson,
> Gallagher, and Alvarez — the Court allows those state
> law claims to proceed against such defendants to the
> extent that they are based on the same facts and conduct
> as alleged as a basis for the remaining federal law
> claims against such defendants.

Doc. #17 at 42. To further clarify Judge Meyer's Initial Review

Order, the following state law claims may proceed:

1. Count 2 claims for negligent infliction of emotional
   distress ("NIED") and intentional infliction of emotional
   distress ("IIED") against Dr. Lupis related to his
   alleged deliberate indifference to serious medical needs
   relating to plaintiff's testosterone deficiency.

2. Count 3 claims for NIED and IIED against Dr. Lupis and
   McPherson related to the alleged deliberate indifference
   to serious medical needs relating to plaintiff's
   diabetes.

3. Count 5 claims for NIED and IIED against Dr. Lupis and
   Gallagher related to the alleged deliberate indifference
   to plaintiff's need for exercise.

All other state law claims, specifically those for breach of

contract and violation of certain provisions of the Connecticut

14

State Constitution,[5] are **DISMISSED**, consistent with Judge Meyer's

Initial Review Order. See Doc. 17 at 42.

The parties are reminded that on or before **January 31,**

**2022**, the self-represented plaintiff and counsel for the

remaining defendants are to disclose the materials identified in

the Court's December 16, 2021, Scheduling and Case Management

Order. See Doc. #57 at 2-3. Statements of Compliance related

---

[5] Plaintiff seeks relief "under Article First §1, 4, 5, 10 and
14[,]" of the Connecticut State Constitution. Doc. #1 at 41;
Doc. #71 at 120. First, because plaintiff "does not challenge a
state statute as being violative of his right to free speech[,]"
he cannot "state a claim of a violation of Article First, §5."
Velez-Shade v. Population Mgmt., No. 3:18CV01784(JCH), 2019 WL
4674767, at *13 (D. Conn. Sept. 25, 2019). Additionally, there
is no private cause of action for money damages under to
sections 1 or 10. See Shakir v. Stankye, No. 3:11CV01940(AVC),
2016 WL 11676338, at *11 (D. Conn. Mar. 31, 2016) ("There are no
cases in which a Connecticut court has recognized a private
right of action under article I, sections 1, 8, 10 or 11 of the
Connecticut Constitution."), adhered to on reconsideration, 2017
WL 11514785 (Mar. 21, 2017). As to Article First, sections 4,
and 14, while the Connecticut Supreme Court has recognized a
private cause of action seeking declaratory or injunctive relief
under these provisions, which plaintiff does not seek, no
"Connecticut state court [has] recognized a similar
constitutional tort claim for money damages." Lopez v. Smiley,
375 F. Supp. 2d 19, 25 n.2 (D. Conn. 2005); accord Dixon v.
Lupis, No. 3:20CV01754(VLB), 2021 WL 4391246, at *12 (D. Conn.
Sept. 24, 2021) ("A review of cases filed since the decision
in Lopez reflects no case in which a Connecticut court has
recognized a cause of action for monetary relief under
either Article First, §4 or §14."); see also Richard v. Strom,
No. 3:18CV01451(CSH), 2019 WL 2015902, at *6 (D. Conn. May 7,
2019) ("Absent clear recognition of a private right of action
under section 14, cases in both this district court and the
Connecticut Superior Court have declined to recognize one.").

15

thereto must be filed on or before **February 14, 2022**. See Doc. #57 at 3-4.

Defendants are to either file an early dispositive motion or an answer to the original Complaint (Doc. #1), as limited by the Initial Review Order (Doc. #17), by **March 1, 2022**. See Doc. #57 at 4-5.

Status reports, in full compliance with the Court's Scheduling Order are due on or before **March 16, 2022**. See id. at 7-8.

All discovery shall be completed by **January 13, 2023**. See id. at 5. All written discovery must be propounded on or before **July 11, 2022**. See id. at 5-6. Dispositive motions must be filed no later than **March 3, 2023**. See id. at 6.

SO ORDERED at New Haven, Connecticut this 14th day of January 2022.

```
          /s/
      _____
      Sarah A. L. Merriam
      United States District Judge
```