**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------X
                             :
JAMES E. CUNNINGHAM, SR.     :     Civil No. 3:21CV00273(SALM)
                             :
v.                           :
                             :
DR. FRANCESCO LUPIS, et al.  :     February 24, 2022
                             :
-----------------------------X
```

## ORDER DISMISSING PROPOSED AMENDED COMPLAINT [Doc. #95]

Self-represented plaintiff James E. Cunningham, Sr. ("plaintiff"), a sentenced inmate in the custody of the Connecticut Department of Correction ("DOC"), originally brought this action pursuant to 42 U.S.C. §1983 against 31 defendants alleging a multitude of constitutional violations, as well as state and federal law claims. See generally Doc. #1 (Complaint); Doc. #8 (attachments to Complaint); Doc. #10 (attachments to Complaint); Doc. #11 (attachments to Complaint).

On October 6, 2021, following an initial review of the original Complaint, Judge Jeffrey A. Meyer permitted several of plaintiff's claims to proceed, but also dismissed, without prejudice, many of the claims asserted. See Doc. #17 at 41-42. Judge Meyer permitted plaintiff 30 days to file an amended complaint, provided that plaintiff "believe[d] there are additional facts the plaintiff can allege that will overcome any

1

of the deficiencies identified in" the Initial Review Order. See id. at 42.

On October 19, 2021, plaintiff filed a motion for extension of time to file an amended complaint, which Judge Meyer denied. See Docs. #21, #23.[1] On November 4, 2021, within the time allowed by the Initial Review Order, plaintiff filed a 139-page Amended Complaint, see Doc. #27, along with 142 pages of attachments, see Doc. #26.

On November 12, 2021, defendants Alvarez, Gallagher, Lupis, and Richardson (hereinafter the "DOC defendants") filed a motion to dismiss the Amended Complaint on the grounds that it failed to state a claim upon which relief can be granted because the "amended complaint is substantially illegible." Doc. #29 at 1. On November 15, 2021, the undersigned entered an order confirming that much of the Amended Complaint was illegible, presumably due to deficiencies in the scanning process. See Doc. #32. The Court ordered plaintiff, if he wished to proceed on the Amended Complaint, to mail a paper copy of that pleading to the New Haven Clerk's Office by December 6, 2021. See id. The Court cautioned: "If plaintiff fails to provide a paper copy of the Amended Complaint by this deadline, the matter will proceed on

_____

[1] On October 26, 2021, this matter was transferred to the undersigned. See Doc. #24.

2

the claims remaining from the original Complaint (Doc. #1) as limited by the Initial Review Order (Doc. #17)." Id. On that same date, the Court entered an Order denying the DOC defendants' motion to dismiss, in light of the Court's Order requiring plaintiff to file a paper copy of the Amended Complaint. See Doc. #33.

On December 16, 2021, the Court entered an Order stating that it had "yet to receive a paper copy of plaintiff's Amended Complaint[.]" Doc. #56. Accordingly, the Court ordered that the matter "proceed on the claims remaining from the original Complaint (Doc. #1) as limited by the Initial Review Order (Doc. #17)." Id.

On January 4, 2022, plaintiff filed a "Motion for Clarification" stating that he had "not herd anything from the Court on this matter has my complaint arrived at Court I mailed it out week before deadline (doc) held up my mail[.]" Doc. #67 at 1 (sic). On that same date, a hard copy of plaintiff's 139-page Amended Complaint was filed with the Court. (Doc. #68). The envelope in which the Amended Complaint was mailed bears a stamp date of December 6, 2021, and indicates that it was mailed to the Bridgeport seat of court. See Doc. #68-5.

On January 7, 2022, plaintiff filed a "Motion to fix Defaults" stating that he "had no idea my mailed copy did not

3

reach court house" because he had received notice of the Court's December 16, 2021, Order on December 27, 2021. Doc. #69 at 1 (sic). The motion acknowledged that plaintiff erroneously mailed the Amended Complaint to the Bridgeport courthouse, and requested the Court to "please grant me permission to get more copies made and sent out again[.]" Id. at 2. The Court construed this motion as requesting leave to file the Amended Complaint, a third version of which was filed on January 7, 2022. See Doc. #74 at 3; Doc. #71. The proposed Amended Complaint filed on January 7, 2022, was largely identical in substance to the two versions of the Amended Complaint previously filed by plaintiff. Compare Doc. #71, with Doc. #27, and Doc. #68. The version filed on January 7, 2022, however, attached over 1,000 pages of exhibits. See Doc. #71.

On January 14, 2022, the Court entered a ruling denying plaintiff's motion seeking leave to file the proposed amended complaint on several grounds, including that the proposed amendment was futile. See generally Doc. #74. Relevant to the below discussion, specifically with respect to Count 4, the Court denied the motion to amend because Count 4 failed to comply with the requirements of Rule 8. See id. at 10 ("The allegations in these counts are rambling, accusatory, and woven with argument and citations to case law."); id. at 11 (The sheer

verbosity of plaintiff's proposed Amended Complaint
(particularly the allegations in Counts 4 and 6), along with the
inappropriate argument and citation to case law sprinkled
throughout, and the mass of unlabeled and disorganized exhibits,
generally make the proposed Amended Complaint a prime candidate
for dismissal pursuant to Rule 8.").

On February 8, 2022, plaintiff filed a motion seeking
reconsideration of the Court's January 14, 2022, ruling denying
his request to amend the complaint. [Doc. #90]. In that motion,
plaintiff sought permission to (1) file a new amended complaint
(which was attached to the motion for reconsideration), which
sought to remove counts 1 and 3 as set forth in the original
Complaint [Doc. #1] and the prior proposed amended complaint
[Doc. #71]; and (2) to add a "reduced size" Count 4. Doc. #90 at
1. On February 11, 2022, the Court entered an order, granting,
in part, and denying, in part, plaintiff's motion. [Doc. #94].
The Court noted, in pertinent part:

> The version of the amended complaint proposed by
> plaintiff is entirely incomprehensible, with significant
> portions of the document crossed out and/or illegible.
> Nevertheless, the Court will permit plaintiff **one final
> opportunity** to propose an amended Count 4.
>
> On or before **February 25, 2022**, plaintiff may submit for
> the Court's consideration a **brief**, clear, proposed
> amended **Count 4 only**, which does <u>NOT</u> incorporate
> previously used pages. Any proposed amended Count 4 must
> be limited to the issue of deliberate indifference to

> serious medical needs by Dr. Lupis related to
> plaintiff's orthopedic issues. If the proposed amended
> Count 4 states a claim upon which relief may be granted,
> the Court will incorporate that count into the current
> Complaint, as limited by the Initial Review Order (Doc.
> #17), and docket it as the final amended complaint.
>
> Plaintiff is reminded of the requirements of Rule 8,
> which provides: "A pleading that states a claim for
> relief must contain[] a **short and plain** statement of the
> claim showing that the pleader is entitled to relief[.]"
> Fed. R. Civ. P. 8(a)(2) (emphases added).

Doc. #94.

On February 17, 2022, plaintiff filed another amended complaint, along with an "Exhibit 1" to that pleading. [Docs. #95, #96]. The amendment of Count 4 is 38 pages long (out of a total 72 pages) and is again comprised of incomprehensible allegations that are riddled with citations to case law and argument, and supported by nearly 150 pages of exhibits. See Doc. #95 at 26-64; id. at 73-221; Doc. #96. The proposed amended complaint, and Count 4 specifically, incorporates previously used pages, despite the Court specifically prohibiting plaintiff from doing so. See Doc. #94. As previously noted by the Court in its January 14, 2022, ruling: "Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints

must be dismissed." Doc. #74 at 11 (quoting Prezzi v. Berzak, 57
F.R.D. 149, 151 (S.D.N.Y. 1972)).

      In sum, on what is plaintiff's now fourth attempt to amend
his claim asserting the alleged deliberate indifference to
serious medical needs related to his orthopedic issues,
plaintiff again has failed to comply with the strictures of Rule
8 or to otherwise state a coherent claim. Where, as here, a
plaintiff has had multiple opportunities to amend the pleadings
and still fails to successfully do so, dismissal of the claims
that remain lacking is appropriate. See, e.g., Mpala v. City of
New Haven, No. 3:11CV01724(VLB), 2013 WL 657649, at *6 (D. Conn.
Feb. 22, 2013) ("In deference to his pro se status, [plaintiff]
has been given and taken advantage of multiple opportunities to
amend his complaint in response to multiple motions to dismiss
by the Defendants. Permitting [plaintiff] yet another
opportunity to amend would therefore be futile."); Pottetti v.
Educ. Credit Mgmt. Corp., No. 19CV04479(PKC)(SMG), 2020 WL
5645194, at *7 (E.D.N.Y. Sept. 22, 2020) (dismissing case where
"Plaintiff has had multiple opportunities to properly state his
claims and it does not appear that further opportunities
to amend would allow Plaintiff to cure such significant
defects[]" (citations and quotation marks omitted)).

Accordingly, Count 4 remains **DISMISSED**. As stated in the
Court's January 14, 2022, Ruling, the original Complaint [Doc.
#1], as limited by the Initial Review Order [Doc. #17], is
permitted to proceed on the following claims:

1. Count 2 against Dr. Lupis for deliberate indifference to
   serious medical needs relating to testosterone deficiency
   in violation of the Eighth Amendment.

2. Count 3 against Dr. Lupis and McPherson for deliberate
   indifference to serious medical needs relating to
   plaintiff's diabetes.

3. Count 5 against Dr. Lupis and Gallagher for deliberate
   indifference to the need for exercise in violation of the
   Eighth Amendment.

4. Count 5 against Alvarez alleging retaliation in violation
   of the First Amendment.

5. Count 7 against Dr. Lupis alleging retaliation in
   violation of the First Amendment.

6. Count 2 claims for negligent infliction of emotional
   distress ("NIED") and intentional infliction of emotional
   distress ("IIED") against Dr. Lupis related to his
   alleged deliberate indifference to serious medical needs
   relating to plaintiff's testosterone deficiency.

7. Count 3 claims for NIED and IIED against Dr. Lupis and

McPherson related to the alleged deliberate indifference to serious medical needs relating to plaintiff's diabetes.

8. Count 5 claims for NIED and IIED against Dr. Lupis and Gallagher related to the alleged deliberate indifference to plaintiff's need for exercise.

<u>See</u> Doc. #74 at 13-14.

Defendants shall file either an early dispositive motion or a response to the original Complaint [Doc. #1], as limited by the Initial Review Order [Doc. #17], by **March 16, 2022.** <u>See</u> Doc. #87.

SO ORDERED at New Haven, Connecticut this 24th day of February 2022.

```
_____/s/_____
     Sarah A. L. Merriam
United States District Judge
```